IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANTONIO BROWN, | * | |
| Petitioner, | * | |
| | * | CRIM. NO. 09-00068-WS |
| vs. | * | CIVIL NO. 10-00477-WS-B |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

**REPORT AND RECOMMENDATION**

Pending before the Court is Petitioner Antonio Brown's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 40), the Government's Response (Doc. 42), and Petitioner's Reply (Doc. 43). This action has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b) of the Rules Governing Section 2255 Cases and is now ready for consideration. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v. Secretary for Dep't of Corrections, 377 F.3d 1317 (11th Cir. 2004). Following a careful review of this action, it is recommended that Brown's petition be **DENIED,** that this action be **DISMISSED,** and that judgment be entered in favor of Respondent and against Petitioner Antonio Brown.

**I. Background**

On March 26, 2009, the grand jury issued a single count indictment charging Brown with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. 1). Attorney William E. Scully, Jr. was appointed to represent Brown on April 15, 2009. (Doc. 8).

Brown, through his counsel, filed a Notice of Intent to Plead Guilty (Doc. 22). In the Notice, which was signed by Brown and his counsel, it states that Brown intends to enter a guilty plea to "count ONE" of the indictment. In the section of the Notice that addresses "plea negotiations with the U.S. Attorney", it states "Blind Plea". (Id.).

At the guilty plea hearing held before Chief United State's District Judge William H. Steele on June 1, 2009, Brown was placed under oath, and pleaded guilty to Count One of the Indictment, being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Brown acknowledged to the Court that he was pleading guilty of his own free will because he was, in fact, guilty. (Doc. 45). The pertinent part of the hearing proceeded as follows:

> THE COURT: Okay. All right. Have you received a copy of the indictment in this case, had a full opportunity to read it and review it with your attorney, and do you understand the charge contained in the indictment?

DEFENDANT: Yes, sir.

THE COURT: Is it necessary that I read the indictment to you?

DEFENDANT: No, sir.

THE COURT: Now, *are you fully satisfied with the representation that you have received from your attorney in this case*, and have you fully discussed with your attorney all of the facts surrounding the charge?

DEFENDANT: Yes, sir.

THE COURT: All right. Have there been any promises made to you by anyone or has anyone attempt in any way to force you to plead guilty or to pressure you or threaten you in any way?

DEFENDANT: No, sir.

THE COURT: Now, the plea is to Count One of the indictment charging felon in possession of a firearm. If convicted of that charge, you could receive a term of imprisonment up to 10 years, a fine not to exceed $250,000, supervised release term up to three years, and a hundred-dollar special assessment. Do you understand that?

DEFENDANT: Yes, sir.

...

THE COURT: Now, the United States Sentencing Commission has issued guidelines for judges to consider in determining the sentence in a criminal case. Have you and your attorney talked about how those guidelines might affect your case?

DEFENDANT: Yes, sir.

...

THE COURT: *The sentence imposed might be different from any estimate your attorney* or anyone else might have given you. *Do you understand that?*

DEFENDANT: Yes, sir.

...

THE COURT: If the sentence is *more severe than you expected*, you will *still be bound by your plea*. Even if you do not like the sentence imposed by the Court, you will not be able to withdraw your plea. *The time to make that decision is now. Do you understand that?*

DEFENDANT: *Yes, sir.*

...

THE COURT: Mr. Brown, do you understand those are the elements of the offense to which you are pleading guilty?

DEFENDANT: Yes, sir.

THE COURT: And do you fully understand that if there was a trial in this case, the United States would be required to present sufficient evidence to prove each of those essential elements beyond a reasonable doubt?

DEFENDANT: Yes, sir.

...

THE COURT: All right. Mr. Brown, did you, in fact, commit the acts and do the things that have been described to me by the Assistant U.S. Attorney?

DEFENDANT: Yes, sir.

THE COURT: All right. Then I find that the facts and acts to which you have admitted support a violation of the charge contained in Count One of the indictment. How do you now plead to that charge, guilty or not guilty?

DEFENDANT: *Guilty*.

(Doc. 45 at 3-10). (Emphasis added). The Court accepted Brown's plea, and his sentencing was scheduled for August 25, 2009. (Id.).

As scheduled, Brown appeared with counsel for sentencing before Chief Judge Steele on August 25, 2009. The Court sentenced Jones to a 96-month term of imprisonment. (Doc. 37). The Court also imposed 3 years of supervised release and a special assessment of $100. (Id.). The Court, on August 28, 2009, entered the Judgment and Commitment Order. (Id.).

Brown did not file a direct appeal in this case; however, on August 30, 2010, he filed the instant petition collaterally attacking his conviction and sentence pursuant to 28 U.S.C. § 2255. (Doc. 40). Brown sole assignment of error is the "denial of effective assistance of counsel." Specifically, Brown alleges as follows:

> I was told my by counsel, William E. Scally (sic), that if I signed my guilty plea before arraignment[1], I would receive a 55 month sentence. But when I appeared in court, the Judge rejected the offer and scheduled my sentencing for a later date.

(Id. at 3). The Government filed a response in opposition to

---

[1] It appears that Brown meant to reference his change of plea hearing as opposed to his "arraignment" because in his Reply, Brown clarifies his assertion in arguing that "Movant contends his Counsel advised him to sign such plea agreement *before the change of plea hearing*, promising him a sentence of 55 months if he were to sign." (Doc. 43 at 4). (Emphasis added).

5

Brown's petition. (Doc. 42) The Government argues that Brown's petition is "plainly frivolous" in that his assertion of ineffective assistance of counsel "falls far short of properly alleging . . . [or] proving a Sixth Amendment violation" as required under Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). (Doc. 42, at 1-2). The Government also asserts that Brown's petition should be dismissed because his assertion concerning the signing of a plea agreement is irrelevant because Brown pleaded guilty without the benefit of a plea agreement. (Id. at 2). In addition, the Government also argues that Brown's petition should fail because Brown did not allege that, but for his counsel's alleged error, there was a "reasonable possibility" that he would have taken the case to trial as required by Hill v. Lockhart, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985) (requiring petitioners to assert a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."). (Doc. 42, at 2).

On March 15, 2013, Brown filed a Reply in which he argues that his counsel's ineffectiveness "rendered his guilty plea unknowing, involuntary, and unintelligent." (Doc. at 2). He further asserts that his counsel advised him to sign a plea agreement before his change of plea hearing and "promis[ed] him a sentence of 55 months if he were to sign." (Id. at 4). According

6

to Brown, after the plea agreement was rejected, his counsel "still advised him to plead guilty", and in so advising him, his counsel was ineffective. Brown contends that he should have gone to trial since he "had claimed during the traffic stop, [that] [his] vehicle was searched illegally[2] by the police." (Id.).

**II. Analysis**

    **A. Habeas Standard**

Habeas relief is an extraordinary remedy which "may not do service for a[ ] [direct] appeal." United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982). A Petitioner who has waived or exhausted his right to appeal is presumed to stand "fairly and finally convicted." Id., 456 U.S. at 164. Unless a claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained extremely limited. Addonizio v. United States, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979).

In general, claims not raised on direct appeal may not be considered on collateral attack. A petitioner can, however,

---

[2] Notably, at the guilty plea hearing the Government revealed that Petitioner was pulled over for an expired tag, which led to his arrest for an unrelated outstanding warrant and an inventory search of his vehicle in preparation for towing, at which time, Petitioner openly admitted to having a gun in the trunk. Petitioner informed Chief Judge Steele that these facts were accurate and that he had "done the things described" by the Government. (Doc. 45 at 8-9).

7

overcome his procedural default of claims not raised on direct appeal. The burden a petitioner must meet differs, depending upon the type of claim he raises. First, "non constitutional claims can be raised on collateral review only when the alleged error constitutes a fundamental defect which inherently results in the miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." Burke v. United States, 152 F.3d 1329, 1331 (11th Cir. 1998) (citations and internal quotations omitted). However, a petitioner's burden with regard to constitutional claims not presented on direct appeal is slightly less stringent. Constitutional claims may be considered if the petitioner can "show cause excusing his failure to raise the issues previously and actual prejudice resulting from the errors." Cross v. United States, 893 F.2d 1287, 1289 (11th Cir. 1990). A meritorious claim of ineffective assistance of counsel can constitute cause. U.S. v. Nyhuis, 211 F. 3d 1340, 1344 (11th Cir. 2000).

**B. Ineffective Assistance of Counsel**

In Strickland, 466 U.S. at 668, the Supreme Court adopted a two-part standard for evaluating claims of ineffective assistance of counsel. The Court held that "[when] a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's

8

representation fell below an objective standard of reasonableness." Id., 466 U.S. at 687-88. In addition, "[the] defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., 466 U.S. at 694. This additional "prejudice" requirement was based on the conclusion that "[an] error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id., 466 U.S. at 691. The Strickland v. Washington standard has been applied to alleged errors in relation to guilty pleas. Hill, 474 U.S. at 57 ("Although our decision in Strickland v. Washington dealt with a claim of ineffective assistance of counsel in a capital sentencing proceeding, and was premised in part on the similarity between such a proceeding and the usual criminal trial, the same two-part standard seems to us applicable to ineffective-assistance claims arising out of the plea process. Certainly our justifications for imposing the 'prejudice' requirement in Strickland v. Washington are also relevant in the context of guilty pleas).

### C. Claim: Ineffective Assistance of Counsel Rendered Plea Involuntary

Under the Federal Rules of Criminal Procedure, a plea of guilty will be deemed voluntary, if before a guilty plea has

been accepted, the "court address[es] the defendant personally in open court and determine[s] that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)." Fed. R. Crim. P. 11(b)(2). In the Eleventh Circuit, there is "a 'strong presumption' that statements made by the defendant during his plea colloquy are true." United States v. Cardenas, 230 Fed. App'x 933, 935 (11th Cir. 2007) (citing United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994)). "[T]herefore, 'when a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false.'" Cardenas, 230 Fed. App'x at 935 (quoting United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988)).

Brown's assertion that his attorney's prediction of a 55-month sentence rendered his plea involuntary, unknowing, and unintelligent is without merit. A careful review of the record fails to uncover any evidence that suggests that Brown's plea was involuntary, unknowing, or unlawfully induced. Indeed, the record reflects that the Court conducted a thorough Rule 11 plea colloquy during which Brown was advised of the consequences of his guilty plea, of the nature of the charges and of the maximum penalty he faced. (Doc. 45 at 4-5). The record further reflects that Brown was expressly advised that his sentence would be determined by the Court and that it could be different from any

10

estimate his attorney might have given him. (Id. at 5-6). In addition, Brown was clearly advised that the Court would make the ultimate sentencing determination, and that Brown would not be able to withdraw his plea if his sentence was more severe than anticipated. (Id. at 6). Brown acknowledged that he understood each of these conditions and confirmed that no one had forced him to plead guilty, nor had anyone induced him to plead guilty with promises or assurances of any kind. (Id. at 4). Additionally, Brown acknowledged that he that he understood the penalties that could be imposed, that he committed the facts alleged in the factual resume, and that he was pleading guilty because he was, in fact, guilty. (Id. at 4, 8-9). Brown further acknowledged that he fully discussed his case, including the charges, with his attorney, that he understood the charges, and that he was satisfied with the representation and advice given by his counsel. (Id. at 4). It was only after this thorough and comprehensive colloquy that the Court accepted Brown's plea and found that it was knowing, intelligent, and voluntary.

In light of Brown's testimony at the guilty plea hearing, his contention that his counsel improperly advised him that he would receive a 55-month sentence and that his plea was not knowing, intelligent, and voluntary is wholly without merit. The record clearly establishes that Brown was aware of the potential sentence that could have been imposed and that he

11

entered his plea of his own volition.  Thus, his claim must fail. See Langford v. U.S., 2009 U.S. Dist. LEXIS 127453, *25 (S.D. Ala. May 11, 2010) ("Mere disappointment that a court imposed a harsher tha[n] what one hoped for is not the proper basis for a motion to vacate.").

D. **Certificate Of Appealability**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be **DENIED**. 28 U.S.C. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is being denied, in part, on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should be issued [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the

denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Where a habeas petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should be issued only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot [v. Estelle, 463 U.S. 880, 893, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks omitted); accord Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

Brown's claim does not warrant the issuance of a Certificate of Appealability. Reasonable jurists could not debate whether Brown's claim alleging ineffective assistance of counsel should be resolved in a different manner or deserves to proceed further. The recommendation that Brown's claim be

13

denied is based on the straightforward application of clear Circuit precedent, and no reasonable jurist could differ on the appropriate disposition of his claim on the record presented. It is thus recommended that the Court deny any request for a Certificate of Appealability.

### III. Conclusion

For the foregoing reasons, it is recommended that Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence (doc. 40) be **DENIED**, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Antonio Brown. The undersigned Magistrate Judge further opines that Brown is not entitled to issuance of a Certificate of Appealability.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the

Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this the **2nd** day of **August, 2013.**

                              **/s/ SONJA F. BIVINS**
                            **UNITED STATES MAGISTRATE JUDGE**